657 So.2d 925 (1995)
HERITAGE MUTUAL INSURANCE CO., a corporation, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation; First Baptist Church of Oceanway, an unincorporated association; William N. Brown and Marie Brown, his wife, individually and as parents and natural guardians of William Michael Brown, a Minor, Appellees.
No. 94-3539.
District Court of Appeal of Florida, First District.
July 3, 1995.
Rehearing Denied August 7, 1995.
*926 David M. Wiesenfeld of Dawson, Galant, Sulik & Wiesenfeld, Jacksonville, for appellant.
Jack W. Shaw, Jr., J. Stephen O'Hara, Jr., and James F. Waters of Osborne, McNatt, Shaw, O'Hara, Brown & Obringer, P.A., Jacksonville, for appellee State Farm Mut. Auto. Ins. Co.
WEBSTER, Judge.
Appellant (Heritage) seeks review of an adverse summary judgment entered in a declaratory judgment action brought to determine whether it or appellee State Farm had primary coverage for injuries received by a child while a passenger in a van owned by their insured, appellee First Baptist Church of Oceanway. We are persuaded that the injuries resulted from an accident "arising out of the ownership, maintenance or use of" the van and that, therefore, State Farm's coverage is primary. Accordingly, we reverse.
The salient facts are not in dispute. Approximately a dozen children had been transported in a van owned by First Baptist to a skating rink. On the return trip, some of the children (who were not wearing available seat belts) began to engage in horseplay, which included ice throwing and climbing over seats. During this horseplay, one of the children, William Brown, was seriously injured when another child somehow hit him in the head. At the time of the incident, Heritage had in force a commercial general liability policy, and State Farm had in force an automobile liability policy, both of which named First Baptist as the insured.
In its complaint, Heritage alleged that the child's injuries had "arise[n] out of the `ownership, maintenance, or use' of the van" and that, therefore, the coverage afforded to First Baptist by State Farm's automobile liability policy was primary. State Farm filed an answer and a counterclaim, in which it denied that the coverage afforded by its automobile liability policy was primary; and requested a declaratory judgment that the child's injuries "did not arise out of the ownership, maintenance, or use of an insured vehicle" and that, therefore, its automobile liability policy afforded no coverage. Both Heritage and State Farm eventually sought summary judgment. The trial court denied Heritage's motion, granted State Farm's motion, and entered judgment accordingly.
On appeal, the parties argue that the outcome hinges on the meaning of the language, found in most automobile liability policies, which provides that the insurer will pay damages for which an insured becomes liable on account of bodily injury resulting from an accident "arising out of the ownership, maintenance or use of" an insured vehicle. State Farm also makes a secondary argument that the scope of coverage afforded by its policy is narrower than that afforded by policies employing such language. In its policy, State *927 Farm obligates itself to pay such damages when bodily injury is "caused by accident resulting from the ownership, maintenance or use of" an insured vehicle. We see no substantive distinction between the language of State Farm's policy and that generally employed. We note, in particular, that the words "arising" and "resulting" are generally regarded as synonyms. E.g., The Random House Dictionary of the English Language 113 (unabridged) (2d ed. 1987).
Florida cases addressing the extent of coverage pursuant to such language reveal that there is no strict, bright-line, test. It is clear that, for coverage to be found, there must have been some causal connection, or relationship, between "ownership, maintenance or use of" the insured vehicle and the injuries. It is not sufficient that the vehicle was merely the situs of the injuries. See, e.g., Race v. Nationwide Mut. Fire Ins. Co., 542 So.2d 347 (Fla. 1989); Taylor v. Phoenix Ins. Co., 622 So.2d 506 (Fla. 5th DCA 1993); Florida Farm Bureau Ins. Co. v. Shaffer, 391 So.2d 216 (Fla. 4th DCA 1980), review denied, 402 So.2d 613 (Fla. 1981); Watson v. Watson, 326 So.2d 48 (Fla. 2d DCA 1976). However, it is not necessary that the injuries have been proximately caused by "ownership, maintenance or use of" the insured vehicle. Rather, coverage will be found to exist if the injuries "flow from," "originate from" or "grow out of" "ownership, maintenance or use of" the insured vehicle. See, e.g., Carpenter v. Sapp, 569 So.2d 1291 (Fla. 2d DCA 1990), review denied, 581 So.2d 163 (Fla. 1991); National Merchandise Co. v. United Serv. Auto. Ass'n, 400 So.2d 526 (Fla. 1st DCA 1981); National Indem. Co. v. Corbo, 248 So.2d 238 (Fla. 3d DCA 1971). As the court said in Carpenter v. Sapp:
When ... the use of a vehicle sets into motion a chain of events, the issue is whether that chain, uninterrupted, results in the injury complained of in such a manner that it could be contemplated that the injury could result from the initial incident.
569 So.2d at 1293. Thus, in a sense, the question is one of foreseeability.
We believe that the facts of this case satisfy the requirement of a causal connection, or relationship, between the use of First Baptist's van and the injuries received by William Brown. The van was not merely the situs of the injuries. Rather, its purpose was to transport church members, including children, to and from various events, such as the outing to the skating rink. As anybody who has ever had to transport children will readily attest, they quickly become rambunctious when confined in a vehicle, and unlikely to sit quietly, with seat belts fastened. Such behavior would be even more likely after an outing such as that from which the children were returning. In short, we think it quite foreseeable that the use of the van for such a purpose would set in motion a chain of events ending in an incident such as that which caused William Brown's injuries. Accordingly, we reverse the summary judgment entered against Heritage, and in favor of State Farm; and we remand with directions that the trial court enter summary judgment in favor of Heritage, and against State Farm.
REVERSED and REMANDED, with directions.
WOLF and LAWRENCE, JJ., concur.