932 So.2d 485 (2006)
Dr. Valery SULKIN, M.D., Appellant,
v.
ALL FLORIDA PAIN MANAGEMENT, INC., Appellee.
No. 4D05-2528.
District Court of Appeal of Florida, Fourth District.
June 14, 2006.
Randy A. Fleischer of Law Offices of Randy A. Fleischer, P.A., Davie, for appellant.
Marc A. Wites and Alejandro Perez of Wites & Kapetan, P.A., Lighthouse Point, for appellee.
POLEN, J.
Dr. Valery Sulkin, M.D., appeals an order granting appellee's, All Florida Pain Management, Inc. (hereinafter "AFPM"), summary judgment motion as to Sulkin's counterclaim and an order denying Sulkin's motion for rehearing. We reverse.
*486 AFPM filed a verified complaint for emergency injunctive relief and damages against Sulkin, a former AFPM employee. AFPM claimed that Sulkin misappropriated trade secrets and breached the Medical Independent Contractor Agreement ("the Agreement") he signed with AFPM. AFPM also requested that the court issue temporary injunctions against Sulkin to prevent him from future use of confidential patient information and solicitation of AFPM's patients.
Sulkin counterclaimed for breach of the Agreement. In his counterclaim, Sulkin alleged that he performed all obligations required of him by the Agreement. He also claimed that the Agreement provided that he would be paid a minimum of $80.00 per hour for no fewer than twenty hours per week, but that AFPM never paid Sulkin for more than sixteen hours per week. Sulkin also claimed that on October 14, 2003, AFPM unilaterally terminated the Agreement without notice of cause and without thirty days' notice. Sulkin attached a copy of the Agreement to his counterclaim. The Agreement included an attached Exhibit A, which provides as follows:
COMPENSATION: During the term of this agreement Contractor shall be paid eighty dollars ($80.00) per hour.
Hours: Contractors hours shall be: Variable &check; 20-40 hrs/wk. M.S. V.S.
The handwritten "chk; 20-40 hrs/wk." was initialed by AFPM president Dr. Sencer and by Sulkin. The Agreement also provides for immediate termination by AFPM for cause and for voluntary termination by either the Contractor or AFPM, for any reason, upon 30 days' prior written notice.
AFPM moved for summary judgment as to Sulkin's counterclaim for breach of the Agreement. Sulkin appeals the trial court's order granting the motion. The standard of review for summary judgment orders is de novo. See The Fla. Bar v. Rapoport, 845 So.2d 874, 877 (Fla.2003). "Summary judgment should not be granted unless the facts are so clear and undisputed that only questions of law remain." Dade County Sch.Bd. v. Radio Station WQBA, 731 So.2d 638, 643 (Fla.1999). An appellate court reviewing a ruling on summary judgment must examine the record in the light most favorable to the nonmoving party. City of Lauderhill v. Rhames, 864 So.2d 432, 434 n. 1 (Fla. 4th DCA 2003).
Sulkin's counterclaim alleges that AFPM breached its Medical Independent Contractor Agreement ("the Agreement") with Sulkin. "The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." J.J. Gumberg Co. v. Janis Servs., Inc., 847 So.2d 1048, 1049 (Fla. 4th DCA 2003) (quoting Abbott Lab., Inc. v. Gen. Elec. Capital, 765 So.2d 737, 740 (Fla. 5th DCA 2000)). As to the first element, AFPM does not dispute the Agreement's validity. As to the element of material breach, Sulkin's counterclaim alleges two independent breaches on the part of AFPM. First, Sulkin claimed that the Agreement provided that he would be paid a minimum of $80.00 per hour for no fewer than twenty (20) hours per week, but that from May 29, 2003 through October 13, 2003, AFPM never paid Sulkin more than $80.00 per hour for sixteen (16) hours per week. Second, Sulkin claimed that on October 14, 2003, AFPM unilaterally terminated the Agreement without notice of cause and without 30 days' notice. As to the element of damages, Sulkin claimed that AFPM owed him $6400.00 for wages due pursuant to the alleged agreement that he would be given at least twenty hours per week. He also claimed that he was owed an additional $6400.00 from AFPM for wages due to him from the date he was terminated without cause to the effective date of termination thirty days later.
*487 After reviewing Sulkin's counterclaim, AFPM's motion for summary judgment, and the trial court's order granting summary judgment, we hold that the court erred in entering summary judgment as to the counterclaim. Genuine issues of material fact remain as to whether AFPM breached the Agreement, with respect both to whether the Agreement provided that he would be paid a minimum of $80.00 per hour for no fewer than twenty (20) hours per week and to whether AFPM unilaterally terminated the Agreement without notice of cause and without 30 days' notice.[1]
Based on the foregoing, we reverse the trial court's order granting AFPM's summary judgment motion as to Sulkin's counterclaim for breach of the Agreement and remand for further proceedings in accordance with this opinion.
STONE and FARMER, JJ., concur.
NOTES
[1] We note that neither AFPM's motion for summary judgment nor the trial court's order granting the motion even addressed the issue of whether AFPM breached the agreement by not providing thirty days notice of termination. It appears that this second independent basis for Sulkin's breach of contract claim was entirely overlooked at the summary judgment phase by both AFPM and the trial court.