Ciklin, C.J.
The instant appeal arises from an insurance coverage dispute within a subrogation claim. Dennis Ducksbury (“Ducksbury”), the insured, appeals a final judgment on a third party complaint entered in favor of Progressive Express Insurance Company and Progressive Select Insurance Company (’’Progressive”). We affirm the trial court’s entry of final judgment in favor of Progressive and we write to address the phrase ’’being transported by” as it is used in the subject insurance policy.
In the events leading up to the action below, Ducksbury and his friend were planning a trip to Key West to participate in a motorcycle-related charity event. The two planned to drive Ducksbury’s SUV part of the way while hauling their motorcycles in a trailer. The friend secured his motorcycle in the trailer with ’’tie downs” and the two headed south. Somewhere near Boynton Beach, the trailer began to sway and then flipped, causing approximately $15,000 in damage to the friend’s motorcycle.
The friend submitted a claim to his insurance company, Allstate, which paid it. Allstate then sued Ducksbury for subrogation. Progressive, Ducksbury’s insurer, refused to indemnify and defend Ducksbury, leading Ducksbury to file a third-party complaint against Progressive.
Progressive responded, citing exclusion 10 of Ducksbury’s insurance policy. In pertinent part, the exclusion provides:
Coverage under this Part I, including our duty to defend, will not apply to any insured person for:
[[Image here]]
10. property damage to any property owned by, rented to, being transported by, used by, or in the charge of that insured person.
(Emphasis in original.) Progressive then moved for summary judgment based on the exclusion, contending that the motorcycle was ’’being transported by” Ducks-bury at the time of the incident. The trial court granted summary judgment and entered final judgment in favor of Progressive.
On appeal, Ducksbury argues that a proper reading of the phrase ’’being transported by” indicates that possessory control of the property is required before the exclusion can apply. He further contends that, because the friend never relinquished control of the motorcycle, the friend was the one transporting it, and thus the exclusion does not apply. Based *75 on the plain language of the exclusion, we must affirm.
’’[Construction of an insurance policy [ ] is a question of law subject to de novo review.” Wash. Nat’l Ins. Corp. v. Ruderman, 117 So.3d 943, 948 (Fla. 2013). When it comes to insurance contract interpretation, the Florida Supreme Court has explained as follows:
Where the language in an insurance contract is plain and unambiguous, a court must interpret the policy in accordance with the plain meaning so as to give effect to the policy as written. In construing insurance contracts, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect. Courts should avoid simply concentrating on certain limited provisions to the exclusion of the totality of others. However, policy language is considered to be ambiguous if the language is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage.
Id. (internal citations, quotation marks, and alterations omitted). ’’The terms of an insurance policy should be taken and understood in their ordinary sense and the policy should receive a reasonable, practical and sensible interpretation consistent with the intent of the parties—not a strained, forced or unrealistic construction.” Gen. Acc. Fire & Life Assur. Corp. v. Liberty Mut. Ins. Co., 260 So.2d 249, 253 (Fla. 4th DCA 1972).
’’Transport” is not defined in the policy. However,
The lack of a definition of a term in a policy does not render it ambiguous or in need of interpretation by the courts, but rather such ’’terms must be given their every day meaning and should be read with regards to ordinary people’s skill and experience.” Harrington v. Citizens Prop. Ins. Corp., 54 So.3d 999, 1003 (Fla. 4th DCA 2010) (citation omitted). ’’Florida courts will often use legal and non-legal dictionaries to ascertain the plain meaning of words that appear in insurance policies.” Id. (citation omitted).
Miglino v. Universal Prop. & Cas. Ins. Co., 174 So.3d 479, 481 (Fla. 4th DCA 2015).
There are no cases interpreting the phrase ’’being transported by” as it is used in the exclusion at issue in this case or in any individual’s insurance policy. Black’s Law Dictionary defines ’’transport” as ”[t]o carry or convey (a thing) from one place to another.” Black’s Law Dictionary (10th ed. 2014). Similarly, a non-legal dictionary defines ’’transport” as ”[t]o carry from one place to another.” The American Heritage Desk Dictionary 985 (1981).
We see only one reasonable interpretation of the language. The plain meaning of ’’being transported by” encompasses the friend’s motorcycle as being carried or conveyed to Key West by Ducksbury while it was inside a trailer being pulled by a vehicle that Ducksbury was driving. No further interpretation of the very simple, unambiguous language is required.
As found by the trial court and asserted by Progressive on appeal, Ducksbury seeks to interject words and meanings not present in the language of the exclusion when he argues that the exclusion must be read to require that the insured was exercising dominion and control over the property being transported. Exclusion 10 clearly contemplates the scenario at hand and thus we affirm.

Affirmed.

Taylor, J., and Lee, Robert W., Associate Judge, concur.