Taylor, J.
The plaintiffs, Per Jonas Ingvar Gus-tafsson and Tressa Stiles, seek review of the following orders: (1) an amended order enforcing a Mediated Settlement Agreement (“MSA”) and finding Great American Insurance (“GAI”) liable for the plaintiffs’ attorney’s fees under the terms of the MSA; (2) an order granting GAI’s motion to limit its liability for fees to the $25,000 sum of the surety bond it issued to another defendant; and (3) a final order directing GAI to pay the plaintiffs $25,000.
On appeal, the plaintiffs argue that the trial court erred in limiting GAI’s liability under the MSA to the penal sum of its surety bond. GAI cross-appeals, arguing that it is not liable to the plaintiffs for attorney’s fees under the terms of the MSA.
We agree with GAI’s argument on cross-appeal, which we find to be dispositive of the case. Accordingly, we reverse the orders on appeal and remand with instructions for the trial court to deny the plaintiffs motion to enforce the MSA.

Background

The plaintiffs bought a used car from Aid Auto, a motor vehicle dealer. The *407 plaintiffs later sought to rescind the transaction and obtain a refund, claiming that Aid Auto had fraudulently concealed facts about the vehicle’s condition. The plaintiffs also sent a demand letter to GAI, which had issued a $25,000 motor vehicle dealer surety bond to Aid Auto.
The plaintiffs eventually filed suit against Aid Auto and GIA, as well as the assignee of the sales contract, Ally Financial. In the amended complaint, the plaintiffs alleged causes of action for: (1) violation of Chapter 501, Florida’s Deceptive and Unfair Trade Practices Act (“FDUT-PA”), against Aid Auto and Ally Financial; (2) fraud or negligent misrepresentation against all defendants; and (3) declaratory judgment against GAI. The plaintiffs requested attorney’s fees against Aid Auto and Ally Financial under Chapter 501, Florida Statutes. However, the plaintiffs requested attorney’s fees against GAI under section 627.428, Florida Statutes.
The parties ultimately settled the case and entered into the MSA, which provided for: (1) the return of the vehicle to Aid Auto; (2) cancellation of the sales contract; (3) payment of $20,000 to the plaintiffs; (4) payment of court costs of $1,238.48; (5) dismissal of Aid Auto’s counterclaim; and (6) Ally Financial’s agreement to clear the plaintiffs’ credit report.
The MSA contained the following provision on the issue of attorney’s fees:
4. On the question of GUSTAFS-SON/STILES’ legal fees, we agree that: Plaintiff is entitled to reasonable attorneys’ fees pursuant to § 501, Fla. Stat. only. Plaintiffs to submit to counsel for AID [i.e., Aid Auto] her timesheet within 10 days of date of settlement. If agreement cannot be reached regarding the amount of the fees the Court will determine the fees.
The MSA also contained the following mutual release provision: “In exchange for the settlement payments pursuant to ¶ s 1-6 above, made to GUSTAFSSON/STILES and the agreement of DEFENDANTS to the settlement, we each hereby RELEASE AND FOREVER DISCHARGE the other ...(italics added).
The plaintiffs later filed a motion for attorney’s fees, seeking an award of attorney’s fees under FDUTPA in an amount the court deemed reasonable. At the fee hearing, the plaintiffs’ counsel represented that the plaintiffs were not seeking fees against GAI: “Actually Judge, we’re seeking only our fees under 501 against the dealer, we’re not seeking fees against the bond company.”
The trial court determined the reasonable amount of the plaintiffs’ fees and costs and entered a final judgment against Aid Auto in the amount of $70,150. In the meantime, however, Aid Auto went out of business. After it became clear that Aid Auto would not pay the fee award, the plaintiffs filed a Motion to Enforce Settlement Agreement against GAI, arguing that GAI was obligated under the MSA to pay their attorney’s fees.
The trial court entered an amended order on the plaintiffs’ motion to enforce the MSA, finding that GAI was liable to the plaintiffs for attorney’s fees under the terms of the MSA. However, the trial court granted GAPs motion to limit its liability to the $25,000 penal sum of the bond, and later entered a final order directing GAI to pay the plaintiffs $25,000.
The plaintiffs appealed and GAI cross-appealed.

Standard of Review

The standard of review applicable to a trial court’s interpretation of a contract is de novo, provided that “the language is clear and unambiguous and free *408 of conflicting inferences.” N. Star Beauty Salon, Inc. v. Artzt, 821 So.2d 356, 358 (Fla. 4th DCA 2002).

Principles of Contract Interpretation

Settlement agreements are contractual in nature and are interpreted in accordance with principles of contract law. Barone v. Rogers, 930 So.2d 761, 763-64 (Fla. 4th DCA 2006). “When interpreting a contract, a court should give effect to the plain and ordinary meaning of its terms.” Golf Scoring Sys. Unlimited, Inc. v. Remedio, 877 So.2d 827, 829 (Fla. 4th DCA 2004). Moreover, “an interpretation which gives a reasonable meaning to all provisions of a contract is preferred to one which leaves a part useless or inexplicable.” Premier Ins. Co. v. Adams, 632 So.2d 1054, 1057 (Fla. 5th DCA 1994).
“Courts may not rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties.” Harrington v. Citizens Prop. Ins. Corp., 54 So.3d 999, 1002 (Fla. 4th DCA 2010) (citations and internal quotation marks omitted). Where a settlement agreement’s terms “are clear and unambiguous, the parties’ intent must be gleaned from the four corners of the document.” Levitt v. Levitt, 699 So.2d 755, 756-57 (Fla. 4th DCA 1997). An unambiguous contract must be enforced as written. Harrington, 54 So.3d at 1001-02 (Fla. 4th DCA 2010). Finally, “[i]t is fundamental that the laws of Florida are a part of every Florida contract.” Dep’t of Ins., State of Fla. v. Teachers Ins. Co., 404 So.2d 735, 741 (Fla. 1981).

Did the MSA require GAI to pay the plaintiffs’ attorney’s fees?

The threshold issue in this case is whether GAI has any liability to the plaintiffs for attorney’s fees under the terms of the MSA. Because this threshold issue is the subject of GAI’s cross-appeal, we address the cross-appeal first.
Here, under the plain language of the MSA, GAI was not obligated to pay the plaintiffs’ attorney’s fees. The attorney’s fees provision of the MSA states in relevant part: “On the question of GUSTAFS-SON/STILES’ legal fees, we agree' that: Plaintiff is entitled to reasonable attorneys’ fees pursuant to § 501, Fla. Stat. only.” (italics added). The MSA thus limited the plaintiffs entitlement to attorney’s fees to Chapter 501, which does not apply to entities—such as sureties—that are regulated by the Department of Financial Services. See § 501.212(4)(d), Fla. Stat. (2015) (stating that FDUTPA does not apply to the following: “Any person or activity regulated under the laws administered by the former Department of Insurance which are now administered by the Department of Financial Services.”); see also Hubbel v. Aetna Cas. & Sur. Co., 758 So.2d 94, 94-98 (Fla. 2000) (in an action alleging a motor vehicle dealer’s violation of FDUTPA, attorney’s fees could not be recovered from a surety bond under the statute requiring motor vehicle dealers to obtain surety bonds for customers' who suffered “any loss” resulting from a dealer’s failure to comply with a contract).
Because the MSA stated that the plaintiffs’ entitlement to attorney’s fees was limited to Chapter 501, the MSA necessarily excluded GAI from any obligation to pay the plaintiffs’ attorney’s fees. This interpretation is consistent with the second sentence of paragraph 4 of the MSA, which confirms that only Aid Auto was responsible for attorney’s fees under the MSA: “Plaintiffs to submit to counsel for AID her timesheet within 10 days of the date of settlement.” This interpretation is also consistent with the fact that the plaintiffs never pleaded entitlement to attorney’s fees against GAI under Chapter *409 501—instead, their request for attorney’s fees against GAI was limited to section 627.428.
By contrast, the trial court’s interpretation of the MSA essentially rewrote the agreement. The trial court’s interpretation failed to give full effect to the language limiting the plaintiffs’ entitlement to attorney’s fees to “§ 501, Fla. Stat. only.” Contrary to the plaintiffs’ suggestion, the MSA did not say that Chapter 501 was merely a mechanism for calculating the amount of fees—rather, the MSA stated that the plaintiffs’ entitlement to attorney’s fees was pursuant to Chapter 501 only. The plaintiffs cannot reap the benefits of the favorable fee calculation under Chapter 501,[1] while disavowing their election to limit their fee entitlement to a statute that does not apply to GAI.
The plaintiffs’ argument that the “we agree that” language obligated GAI to pay the plaintiffs’ attorney’s fees is unpersuasive. The phrase “we agree that” simply meant that all parties agreed that the plaintiffs were “entitled to reasonable attorneys’ fees pursuant to § 501, Fla. Stat. only.” In light of the language restricting the plaintiffs’ entitlement to attorney’s fees to Chapter 501, we do not interpret the phrase “we agree that” as imposing liability on all defendants for the payment of the plaintiffs’ attorney’s fees. In fact, there were several other provisions in the MSA using the same “we agree that” prefatory language, but those provisions did not necessarily create any obligations on the part of GAI. For example, the provisions regarding the return of the car and the cancellation of the sales contract both began with the phrase “we agree that,” but those provisions clearly did not impose any obligations upon GAI.
The plaintiffs also contend that GAI’s interpretation of the MSA is “absurd” because it would mean that the plaintiffs “agreed to release GAI yet receive nothing from GAI” and that the MSA thus lacked consideration. This argument is without merit. Paragraph 2 of the MSA stated that the plaintiffs would receive $20,000 in damages. Had Aid Auto failed to make the $20,000 damages payment, GAI would have been responsible for that payment under the MSA. This obligation was sufficient consideration to support the MSA as between the plaintiffs and GAI. See Ashby v. Ashby, 651 So.2d 246, 247 (Fla. 4th DCA 1995) (“It is axiomatic that a promise, no matter how slight, can constitute sufficient consideration so long as a party agrees to do something that they are not bound to do.”).

Conclusion

In sum, because the MSA stated that the plaintiffs’ entitlement to attorney’s fees was pursuant to Chapter 501 only, GAI was not obligated to pay the plaintiffs’ attorney’s fees under the MSA. We reverse as to the cross-appeal, rendering the main appeal moot.
Finally, we note that the parties disagree as to what the trial court’s instructions should be on remand. The plaintiffs argue that if we reject their interpretation of the MSA, we should nonetheless remand the case for a trial on the merits of their claims against GAI. We decline to do so. Instead, we remand for the trial court to enter an order denying the plaintiffs’ motion to enforce the MSA

*410
Reversed on cross-appeal and Remanded.

Levine and Conner, JJ., concur.

. In Diamond Aircraft Industries, Inc. v. Horowitch, 107 So.3d 362, 370-71 (Fla. 2013), the Florida Supreme Court construed FDUT-PA as allowing recovery for the hours an attorney dedicated to litigating a civil action involving a FDUTPA claim unless the attorney's services clearly were not related in any way to establishing or defending an alleged FDUTPA violation.