# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**NATALIE S. DEUTSCH,**
Appellant,

v.

**GEICO GENERAL INSURANCE COMPANY,**
Appellee.

No. 4D18-2714

[October 30, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt and Cymonie Rowe, Judges; L.T. Case No. 50-2014-CA-013774-XXXX-MB.

Philip M. Burlington and Nichole J. Segal of Burlington & Rockenbach, P.A., West Palm Beach, Roberta M. Deutsch of Roberta M. Deutsch, LLC, Boca Raton, and Stuart F. Cohen of Conroy Simberg Ganon Krevans & Abel PA, Hollywood, for appellant.

Sharon C. Degnan of Kubicki Draper, Orlando, for appellee.

GROSS, J.

The defendants in the circuit court operated a mobile gym out of the back of a truck. The plaintiff sued them for injuries she suffered while training in the back of the truck. The issue presented is whether the plaintiff may recover uninsured motorist benefits under her policy with Geico General Insurance Company. We hold that there is no coverage for her loss and affirm the final judgment in favor of Geico.

## FACTS

Garrett Nodell owns and operates Mobile Fitness Centers of America, Inc., a mobile gym that operates out of the back of an Isuzu truck. To train his clients, Nodell drives the gym to a client's location and conducts workouts in the back of the truck. The gym is equipped with exercise machines and equipment, some of which are bolted to the floor of the truck. The gym is powered by either a generator or by Nodell plugging into the client's electricity.

For several years, Natalie Deutsch trained with Nodell. Her training sessions took place in the back of the truck while it was parked near her home and plugged into her home's electricity. According to the complaint, as a result of Nodell's negligence during training, Deutsch suffered permanent injuries.

Deutsch sued Nodell and Mobile Fitness Centers and those suits were settled. She also sued Geico, her auto insurance carrier, contending that the mobile gym was an uninsured/underinsured auto under her policy.

The relevant policy language providing coverage states that Geico will pay damages for bodily injury caused by an accident which the insured is legally entitled to recover from the owner or operator of "an uninsured auto arising out of the ownership, maintenance or use of that auto." The term "uninsured auto," however, does not include "a land motor vehicle . . . located for use as a residence or premises . . . ."

Both parties moved for summary judgment on the coverage issue.

Following a hearing, the circuit court granted Geico's motion and denied Deutsch's motion. The court found that the "uninsured policy provisions clearly and unambiguously define what an uninsured auto is and is not," and that the "unambiguous policy provisions clearly exclude coverage in the instant case." Ultimately, the circuit court entered final judgment in favor of Geico.

### THE MOBILE GYM WAS NOT AN UNINSURED AUTO UNDER THE POLICY BECAUSE IT WAS LOCATED FOR USE AS A PREMISES

Our standard of review in this case is *de novo*. *See Harrington v. Citizens Prop. Ins. Corp.*, 54 So. 3d 999, 1001 (Fla. 4th DCA 2010) (*de novo* review applies to the interpretation of an insurance contract as well as a trial court's grant of summary judgment).

The policy clearly and unequivocally provides that a vehicle "located for use as a . . . premises" is not an "uninsured auto" within the meaning of the policy. The term "premises" is not defined by the policy.

"When a term in an insurance policy is undefined, it should be given its plain and ordinary meaning, and courts may look to legal and non-legal dictionary definitions to determine such a meaning." *Botee v. S. Fid. Ins. Co.*, 162 So. 3d 183, 186 (Fla. 5th DCA 2015).

Deutsch does not argue that the term "premises" is ambiguous. Instead, she asserts that the term should be interpreted as it was defined in *Harrington*, 54 So. 3d 999. *Harrington* does not control the outcome here because the defendants' use of the truck as a gym falls within the wording of the policy's exclusion of a "vehicle . . . located for use **as** a . . . premises."

In *Harrington*, the insured's homeowner's policy provided coverage for an 'insured location' which included a "premises . . . used by you as a residence." *Id.* at 1003. This court found the "plain meaning" of the word premises by referring to excerpts from Black's Law Dictionary and Merriam-Webster's Collegiate Dictionary.

> Black's Law Dictionary defines "premises" as "*[a] house or building, along with its grounds*." Black's Law Dictionary 1219 (8th ed. 2004). The non-legal definition is, in part, either "*a tract of land with the buildings thereon*" or "*a building or part of a building usu. with its appurtenances (as grounds)*." Merriam–Webster's Collegiate Dictionary 980 (11th ed. 2004).

*Id.* at 1003 (emphasis added).

Deutsch argues that Nodell's truck does not fit within the *Harrington* definition of premises because "it is not a house, it is not a building, and it is not a tract of land."

It is true that the truck is not a house, a building, or a tract of land. Under the Geico policy, the central inquiry is not whether a truck **is** real estate, but whether the truck was "located for use **as** a . . . premises," which *Harrington* defines as a "building, along with its grounds."

The following undisputed facts are relevant:

- Mobile Fitness Centers did not have a brick and mortar office or gym – its sole "location" was the back of the Isuzu truck.

- Fitness equipment was fastened or bolted down in the truck so the gym's clients could work out safely inside the back of the truck.

- While clients were working out, the gym was powered by either a generator or through a plug running to the clients' home. Deutsch's mother testified that the gym was always plugged into the house.

These facts lead to the conclusion that clients worked out in the mobile gym only when it was stationary, parked, and connected to a power source. The clients never worked out when the gym was being driven as a vehicle. When used as a gym, the stationary truck was "located for use as a" building, just as any gym in a strip mall.

Because the truck was being used as a "premises" when the negligence occurred, it was not an uninsured auto under the policy.

The plaintiff argues her injuries should be covered under her Geico policy because they arose out of the "ownership, maintenance, or use" of a vehicle. She relies on three cases: *Heritage Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 657 So. 2d 925 (Fla. 1st DCA 1995); *Nat'l Merchandise Co. v. United Serv. Auto. Ass'n,* 400 So. 2d 526 (Fla. 1st DCA 1981); *Nat'l Indem. Co. v. Corbo,* 248 So. 2d 238 (Fla. 3d DCA 1971). We find that these cases are not controlling because those courts were not interpreting the language at issue here – the definition of an uninsured auto. *See Heritage Mut.*, 657 So. 2d 925 (coverage dispute between CGL policy and auto liability policy); *Nat'l Merchandise,* 400 So. 2d 526 (same); *Corbo,* 248 So. 2d 238 (coverage dispute between homeowner's policy and auto liability policy).

The issue here is not whether the plaintiff's injuries arose out of the use of a vehicle – the issue here is whether the plaintiff's injuries arose out of the use of an ***uninsured auto*** as that term is defined in the policy. The cited cases did not involve uninsured motorist coverage; those courts did not determine whether the vehicles were uninsured autos or whether they were being used as a premises. Because we find that the mobile gym was not an uninsured auto under the plaintiff's policy, we do not reach the issue of whether we agree with the analysis utilized in *Heritage Mutual*, *National Merchandise*, and *Corbo*.

*Affirmed.*

WARNER and MAY, JJ., concur.

*            *            *

***Not final until disposition of timely filed motion for rehearing.***