847 So.2d 1048 (2003)
J.J. GUMBERG CO., a Delaware corporation, Appellant,
v.
JANIS SERVICES, INC., a Florida corporation, and Colonia Insurance Company, a Delaware corporation, Appellees.
No. 4D02-1953.
District Court of Appeal of Florida, Fourth District.
May 28, 2003.
Rehearing Denied July 8, 2003.
*1049 Caryn L. Bellus and Valentina Tejera of Kubicki Draper, Miami, for appellant.
Jerome A. Pivnik of Pivnik & Nitsche, P.A., Miami, for appellee Janis Services, Inc.
PER CURIAM.
Appellant, J.J. Gumberg Co. (Gumberg), appeals from the dismissal with prejudice of the complaint it filed against appellee, Janis Services, Inc. (Janis), in October 2001. We affirm in part and reverse in part.
In May 1994, Janis entered into a construction contract to remodel the food court at the Coral Ridge Mall which was maintained and operated by Gumberg. On June 29, 1994, an employee of Janis, Samuel Green, was injured while working at the Mall. Green filed suit against Gumberg in case number 97-12195 and Gumberg filed a third party complaint containing three counts against Janis. Count I was for contractual indemnity, Count II was for contribution, and Count III was for common law indemnity. Upon Janis's motion to dismiss, Counts II and III were dismissed with prejudice and the remaining count, alleging contractual indemnity, was set for trial in January 2001.
Shortly before trial, Gumberg filed a motion for leave to amend its third party complaint to amend its claim for contractual indemnity and add two claims for breach of contract, and one for declaratory relief. The trial court denied the motion to amend. Gumberg settled with Green and the trial court entered a partial order of dismissal. Gumberg renewed its motion to amend which the trial court denied. The contractual indemnity suit against Janis remains pending.
In October 2001, Gumberg filed a new complaint against Janis and Colonia Insurance Company, Janis's insurance company. There were two counts against Janis for breach of the construction contract and one count for declaratory relief against Janis and Colonia. These counts were essentially the same as three of the counts proposed in Gumberg's motion to amend in case number 97-12195. This new cause, case number 01-17838, was transferred to the trial judge presiding over case number 97-12195.
Janis then filed a motion to dismiss Gumberg's new complaint arguing that each claim was barred by the statute of limitations[1] and further that the claims should be dismissed for improper splitting of causes of action. The trial court granted the motion to dismiss with prejudice as to all three counts without stating the grounds for its dismissal.
The two claims for breach of contract are based upon Gumberg's allegations that Janis breached the provisions of the contract requiring Janis to obtain liability insurance and to keep the construction area clean and follow safety precautions. In Abbott Lab., Inc. v. Gen. Elec. Capital, 765 So.2d 737, 740 (Fla. 5th DCA 2000), the court held that "[u]nder section 95.11(2)(b), the limitations period begins to run when `the last element constituting the cause of action occurs.' § 95.031(1), Fla. Stat. (1997). The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages."
*1050 Assuming that Janis breached the contract by failing to obtain liability insurance and by failing to clean up and maintain safety precautions at the time Green was injured in June of 1994, all the elements for a cause of action for breach of contract existed. Therefore, the trial court correctly dismissed these two claims as they are barred by the statute of limitations.
In the third count, Gumberg brought a declaratory judgment action against Janis and Colonia asking the trial court to determine the rights of Gumberg under the insurance policy issued to Janis. The issues for determination are whether Gumberg was an additional insured under the policy at the time of Green's accident and whether Gumberg was entitled to coverage and a defense from Colonia. In this claim, the contract at issue is the insurance contract between Janis and Colonia. "In regard to insurance contracts, a specific refusal to pay a claim is the breach which triggers the cause of action and begins the statute of limitations running." Donovan v. State Farm Fire and Cas. Co., 574 So.2d 285, 286 (Fla. 2d DCA 1991). When Gumberg settled Green's negligence action in January 2001, the issue of coverage under the insurance policy became ripe for determination. Therefore, this declaratory judgment action was filed well within the statute of limitations.
Janis further argues that this claim was properly dismissed because there was an improper splitting of a cause of action. This rule is inapplicable here because Gumberg has not previously filed any action on Gumberg's right to insurance coverage under Janis's insurance policy purchased through Colonia.
Although the statute of limitations has run on Gumberg's claims for breach of contract between Gumberg and Janis, this does not preclude the declaratory judgment action for a determination as to whether coverage exists for Gumberg under the policy of insurance purchased by Janis from Colonia. The declaratory judgment action will determine whether there is coverage for Gumberg. It is unclear why Gumberg chose to make Janis a party to the declaratory judgment action but that issue is not before us.
Based upon the foregoing, we affirm the trial court's dismissal of the two causes of action for breach of contract. We reverse the dismissal of the declaratory judgment action and remand for further proceedings.
AFFIRMED in part; REVERSED in part.
STEVENSON and HAZOURI, JJ., concur.
MAY, J., concurs in result only.
NOTES
[1] Section 95.11(2)(b), Florida Statutes (1994), provides:

Actions other than for recovery of real property shall be commenced as follows:
(2) Within five years.
(b) A legal or equitable action on a contract, obligation, or liability founded on a written instrument.