PER CURIAM.
The buyer appeals an adverse judgment on the pleadings in an action for breach of a contract for the sale of real property. She argues the trial court erred by considering facts outside of the pleadings in ruling on the motion. We agree and reverse.
The buyer filed a verified complaint against the seller, alleging a contract for the purchase of real property. The seller moved to dismiss arguing that the complaint failed to state a cause of action. The trial court denied the motion. The seller answered the complaint, alleged affirmative defenses, and filed a counterclaim.
The defendant then moved for a judgment on the pleadings, which the trial court initially denied. The seller, however, filed a motion for rehearing and claimed that she had not received a subsequently-filed memorandum from the buyer before the court ruled on her motion. She also filed a memorandum contesting certain statements contained in the buyer’s memorandum. The trial court granted the motion for rehearing, reversed its decision, and granted the seller’s motion for judgment on the pleadings.
The buyer argues the trial court erred when it granted the seller’s motion for judgment on the pleadings since its verified complaint properly pleaded a claim for breach of contract. We agree.
We review judgments on the pleadings de novo. Martinez v. Fla. Power & Light *1261 Co., 863 So.2d 1204, 1205 (Fla.2003). All well-pleaded allegations must be accepted as true for purposes of ruling on a motion for judgment on the pleadings. Id. We have reviewed the buyer’s verified complaint and find that it sufficiently alleges a claim for breach of contract. J.J. Gumberg Co. v. Janis Servs., Inc., 847 So.2d 1048, 1050 (Fla. 4th DCA 2003). The trial court erred when it considered facts beyond the pleadings in ruling on the motion.

Reversed and Remanded.

STONE, FARMER and MAY, JJ„ concur.