Anthony LATERZA, Donna Palemire, North Palm Pain Management, Inc, and Laterza Investments, Inc., Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., Defendant.

CASE NO. 9:16–CV–81023–ROSENBERG/HOPKINS

United States District Court, S.D. Florida.

Signed Docket 10/31/2016

Jose D. Sosa, Convergent Litigation Associates, LLC, Miami, FL, for Plaintiffs.

Brian John Lechich, Coral Gables, FL, for Defendant.

## ORDER DISMISSING COMPLAINT WITH PREJUDICE

ROBIN L. ROSENBERG, UNITED STATES DISTRICT JUDGE

**THIS CAUSE** is before the Court on the Motion of Defendant JPMorgan Chase Bank, N.A. ("Chase") to Dismiss the Complaint with Prejudice. DE 8. The Court has carefully considered the Motion to Dismiss, Plaintiffs' Response, DE 14, and Defendant's Reply, DE 18. In addition, the Court held a hearing on the Motion to

Dismiss on September 13, 2016, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion to Dismiss is **GRANTED** and Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE.**

## I. INTRODUCTION

Plaintiffs seek to hold Chase liable for wrongful compliance with a search warrant. In February of 2011, Chase received a search warrant issued by the Palm Beach County Circuit Court (the "State Court") requiring that Chase identify funds at the bank "in the name of" or "under the control of" Plaintiffs Laterza and Palemire. Chase complied with the search warrant by identifying six accounts belonging to, or under the control of, Laterza and/or Palemire. All of the monies in the accounts were ultimately seized by the State of Florida by way of forfeiture agreements between Plaintiffs and the State of Florida.

Five years later, Plaintiffs brought this lawsuit against Chase claiming that they were harmed because, although the search warrant only required Chase to provide information to the authorities regarding two accounts, Chase also provided information regarding four additional accounts. Plaintiffs also complain that service of the search warrant on Chase was defective and, therefore, Chase should not have complied with the search warrant at all. For the reasons discussed below, the Court hereby dismisses Plaintiffs' claims with prejudice.

## II. BACKGROUND

On February 22, 2011, Chase received a search warrant issued by the State Court (the "Search Warrant"). *See* DE 1–1 at ¶¶ 13–14; DE 1–1, Ex. A. The Search Warrant—obtained by a Palm Beach County Joint Anti–Money Laundering Task Force (the "Task Force")—required Chase to disclose all accounts "in the name of" or "under the control of" Plaintiffs Laterza and Palemire. *See generally* DE 1–1, Ex. A at p. 1. The Search Warrant advised that the funds deposited at Chase were "being kept or used in violation of Florida Law, to wit: Trafficking and Sale of Schedule II substances per Florida Statute [§ ] 893.135 [...] Violation of the Florida Money Laundering Act per Florida State Statute [§§ ] 896.101(3)(a)(1) and 896.101(3)(a)(2)(a)." DE 1–1, Ex. A at pp. 2–3. On February 23, 2011, Chase responded to the Search Warrant by advising that Plaintiffs had six such accounts at Chase containing approximately $161,830.02. DE 1–1, Ex. B. On April 5, 2011, Chase amended this response and advised that the six accounts held $164,048.24. DE 1–1, Ex. D.

On April 11, 2011, the State Court entered an Agreed Final Order of Forfeiture that required Chase to "turn over" $161,850.40 to the State Attorney. DE 1–1 at ¶ 20; DE 1–1, Ex. C. Then, on June 17, 2011, Plaintiffs submitted an Agreed Motion to Amend Agreed Final Order of Forfeiture [DE 1–1, Ex. E] with the State of Florida, agreeing that Chase should "be ordered to turn over to [the Office of the State Attorney] all funds in [Plaintiffs'] bank accounts at [Chase]" and identifying the six Chase bank accounts titled to Plaintiffs. DE 1–1 at ¶¶ 25–27; DE 1–1, Ex. E at pp. 1–2. Thereafter, on June 21, 2011, the State Court entered an Amended Agreed Final Order of Forfeiture and ordered Chase to turnover to the State of Florida the funds in all six accounts listed in said Order. DE 1–1 at ¶ 29; Ex. F at ¶ 7. On June 27, 2011, Chase complied with the Amended Agreed Final Order of Forfeiture and transmitted the $164,048.24 in Plaintiffs' six Chase bank accounts to the State of Florida. DE 1–1 at ¶ 31.

More than five years later, Plaintiffs filed this lawsuit seeking to recover certain

of the funds that they agreed to forfeit. Plaintiffs allege that the Search Warrant only required Defendant to provide the Task Force with information regarding two accounts. DE 1–1 at ¶¶ 14, 45, 54, 66, 70–71, and 79. Plaintiffs claim that Chase wronged them by disclosing information regarding an additional four accounts. *See* DE 1–1 at ¶¶ 45, 54, 66, 70–71, and 79. Moreover, Plaintiffs assert that Chase improperly responded to the Search Warrant because it was defectively served on Chase by facsimile to a Chase office in Ohio. DE 1–1 at ¶¶ 14, 16. These allegations are the two bases for this lawsuit. *See, e.g.,* DE 1–1 at ¶¶ 45, 54, 66, 70–71, and 79. Plaintiffs brought claims against Chase for breach of contract, breach of implied-in-fact contract, breach of fiduciary duty,[1] civil conspiracy, negligence, and civil theft. DE 1–1 at ¶¶ 40–85.

Chase moved to dismiss Plaintiffs' Complaint for four reasons: (i) Chase cannot be liable for complying with a search warrant under Florida law; (ii) Plaintiffs' allegations are negated by the exhibits to the Complaint; (iii) even assuming Plaintiffs' claims were meritorious, all of Plaintiffs' claims are barred by the statute of limitations; and (iv) Plaintiffs failed to plead the required elements and underlying facts supporting their causes of action. For each of these reasons, which are discussed in turn below, the Complaint is dismissed with prejudice.

## III. LEGAL STANDARD

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663, 129 S.Ct. 1937. "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). In sum, "[t]he plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

## IV. DISCUSSION

### A. Chase Cannot Be Held Liable for Complying with the Search Warrant

■ As a threshold matter, the Court finds that Chase cannot be held liable for complying with the Search Warrant. Florida law specifically requires compliance

---

1. In their Response to the Motion to Dismiss [DE 14] and at the September 13, 2016 hearing, Plaintiffs' counsel conceded that Plaintiffs failed to state a claim for breach of fiduciary duty, and agreed to the dismissal of that count. DE 14 at pp. 7, 10.

with search warrants. *See* § 933.15, Fla. Stat. (2011) (providing that it is a first degree misdemeanor for anyone who "knowingly and willfully obstruct[s], resist[s], or oppose[s] any officer ... in serving or attempting to serve or execute any search warrant ..."); § 933.27, Fla. Stat. (2011) (providing that it is a second degree misdemeanor for anyone "who willfully refuses to permit an inspection authorized by a warrant issued ..."). Similarly, Florida law requires a bank to disclose the account information of its customer when compelled by a court of competent jurisdiction. *See* § 655.059(1)(e), Fla. Stat. (2011) (providing that the books and records of a financial institution shall be made available "[a]s compelled by a court of competent jurisdiction ...").

The Search Warrant required Chase to disclose "U.S. coin and/or currency in any and all [Chase] accounts individually or jointly, in the name of [Plaintiffs Laterza and Palemire], which is under the control of [Plaintiffs Laterza and Palemire] ..." DE 1–1, Ex. A at p. 1 (emphasis added). Chase complied with this requirement when it disclosed the account information of Plaintiffs Laterza and Palemire, and the account information belonging to companies associated with them, Plaintiffs North Palm Pain Management, Inc. and Laterza Investments, Inc. *See* DE 1–1, Exs. B, D.

Plaintiffs also contend that Chase harmed them by complying with the Search Warrant despite the fact that it was defective, having been served by facsimile to an office located outside of the jurisdiction of the issuing court. But Plaintiffs have not provided any compelling authority supporting the argument that service of the Search Warrant was defective. Nor have they provided any authority for this proposition that Chase had a duty to ascertain that service of the warrant was proper. As discussed above, Chase had a legal obligation to comply with the warrant

that it received. Moreover, the Court notes that in their civil forfeiture case, Plaintiffs specifically agreed to the forfeiture of the funds disclosed by Chase. *See* DE 1–1, Ex. E. And Plaintiffs did not challenge the service of the Search Warrant in the State Court civil forfeiture action, which was the appropriate forum for such a challenge. The Court finds that Chase acted lawfully when it responded to the Search Warrant by disclosing Plaintiffs' account information to the authorities. Accordingly, all of Plaintiffs' claims fail to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

**B. Plaintiffs' Claims Are Barred by Florida's Statute of Limitations**

■ Under § 95.031(1), Fla. Stat., the statute of limitations began to run "when the last element constituting the cause of action occur[ed]." Chase contends that the last element of each of Plaintiffs' causes of action accrued when Plaintiffs were damaged, *i.e.*, when Chase responded to the Search Warrant on February 23, 2011. Plaintiffs argue that the statute of limitations on their claims did not begin to run until September 5, 2015, when they discovered that "their monies were forfeited via the Amended (second) Order of Forfeiture." *See* DE 14 at p. 6.

■ The Court agrees with Chase. Plaintiffs have not provided any authority supporting their argument that the statute of limitations did not begin to run until they discovered their damages in late September 2015. Plaintiffs appear to argue that the delayed discovery doctrine applies, but Florida law does not support that argument. Rather Florida law provides that the delayed discovery doctrine only extends limitations "in cases of fraud, products liability, professional and medical malpractice, and intentional torts based on abuse." *Davis v. Monahan*, 832 So.2d 708,

709–10 (Fla. 2002). Plaintiffs' claims do not qualify for tolling under the delayed discovery doctrine. *See id.* Accordingly, the Court finds that the statute of limitations began to run on February 23, 2011, when Chase first disclosed information regarding the six accounts to the authorities in response to the Search Warrant. Plaintiff filed this case on May 20, 2016 [*see* DE 1–1], more than five years after the statute of limitations began to run. As such, all of Plaintiffs' claims are untimely. *See* § 95.11(2)(b), Fla. Stat. (providing a five-year statute of limitation on a breach of contract claim based on a written contract); § 95.11(3)(k), Fla. Stat. (providing a four-year statute of limitations on a breach of contract claim "not founded on a breach of contract); § 95.11(3)(a) and (p), Fla. Stat. (providing a four-year statute of limitation for negligence and civil conspiracy claims); *Coursen v. JPMorgan Chase & Co.*, No. 8:12–cv–690–T–26EAJ, 2013 WL 5437341, at *13 (M.D. Fla. Sept. 27, 2013) ("Furthermore, there is a four-year statute of limitations for civil conspiracy claims under Florida law."); *Carrington Capital Mgmt. v. Carr*, No. 2:15–CV–14191– ROSENBERG/LYNCH, 2015 WL 6865750 (S.D. Fla. Nov. 9, 2015) (Rosenberg, J.) ("Florida law[ ] provides that ordinary claims of negligence are subject to a four-year statute of limitations...") (footnote omitted); § 772.17, Fla. Stat. (providing a five-year statute of limitation for claims for civil theft). Since all of Plaintiffs claims are barred by the statute of limitations as evidenced by the Complaint and its attachments, dismissal of all claims with prejudice is appropriate.

## C. Plaintiffs' Complaint Fail to State a Claim Under Rule 12(b)(6)

Finally, Chase contends that Plaintiffs failed to plead factual allegations and elements supporting each of their claims. For the reasons provided below, the Court agrees.

### i. Counts I & II for Breach of Contract

The elements of breach of contract are: "(1) a valid contract; (2) a material breach; and (3) damages." *Sulkin v. All Fla. Pain Mgmt., Inc.*, 932 So.2d 485, 486 (Fla. 4th DCA 2006) (quoting *J.J. Gumberg Co. v. Janis Servs., Inc.*, 847 So.2d 1048, 1049 (Fla. 4th DCA 2003)). Plaintiffs contend that Chase breached its contracts with them by "divulging account and balance information to third parties— namely the Task Force and/or the State's Attorneys' Office—especially when divulging information on the four accounts not included within the initial Search Warrant ..." DE 1–1 at ¶¶ 45, 54.

Plaintiffs have not pled facts demonstrating a material breach of contract by Chase or that Chase's conduct damaged them. Plaintiffs have failed to provide any provision of any contract with Chase that Chase allegedly breached by providing Plaintiffs' bank account information to the Task Force in response to the Search Warrant. *See* DE 1–1 and 14. Further, Plaintiffs have not provided any legal support for the proposition that Chase damaged Plaintiffs by disclosing their bank account information in response to the Search Warrant. *Id.* Moreover, Plaintiffs subsequently agreed in the civil forfeiture proceeding to forfeit all of the funds disclosed by Chase. *See* DE 1–1, Exs. E, F. Accordingly, the Court finds that Chase did not damage Plaintiffs as a matter of law when it disclosed Plaintiffs' bank account information to the Task Force, and that Plaintiffs failed to state a claim for breach of contract and breach of implied-in-fact contract.

### ii. Count IV for Civil Conspiracy

The elements of civil conspiracy are: "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of

the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Raimi v. Furlong*, 702 So.2d 1273, 1284 (Fla. 3d DCA 1997) (citing *Fla. Fern Growers Assoc., Inc. v. Concerned Citizens of Putnam County*, 616 So.2d 562, 565 (Fla. 5th DCA 1993)). As discussed above, Plaintiffs have not provided factual allegation establishing (i) that Chase did anything unlawful or (ii) that Chase's conduct damaged Plaintiffs. Accordingly, the Court finds that Plaintiffs' cause of action for civil conspiracy fails to state a claim.

### iii. Count V for Negligence

██ The elements of negligence are "(1) a duty by Chase to conform to a certain standard of conduct; (2) a breach by Chase of that duty; (3) a causal connection between the breach and injury to plaintiff; and (4) loss or damage to plaintiff." *Bartsch v. Costello*, 170 So.3d 83, 86 (Fla. 4th DCA 2015) (citing *Clay Elec. Co-Op., Inc. v. Johnson*, 873 So.2d 1182, 1185 (Fla. 2003)). As discussed above, Plaintiffs have not alleged facts demonstrating that Chase's conduct damaged Plaintiffs. Moreover, Plaintiffs allege that Chase owed them a duty to protect them from "wrongful disclosure of [Plaintiffs'] account information and balances." DE 1–1 at ¶ 70. The Court finds that as a matter of law, Chase did not wrongfully disclose Plaintiffs' account information and balances when responding to the Search Warrant. *See* § 933.15, Fla. Stat.; § 933.27, Fla. Stat. Contrary to Plaintiffs' assertions of improper conduct, Florida law required Chase to disclose Plaintiffs' account information to the Task Force. *See* § 933.15, Fla. Stat.; § 933.27, Fla. Stat. Accordingly, the Court finds that Plaintiffs' cause of action for negligence fails to state a claim.

### iv. Count VI for Civil Theft

██ The elements of civil theft under Florida law require that Chase:

**(1) knowingly (2) obtained or used, or endeavored to obtain or use, [Plaintiffs'] property with (3) 'felonious intent' (4) either temporarily or permanently to (a) deprive [Plaintiffs] of [their] right to or a benefit from the property or (b) appropriate the property to [Chase]'s own use or to the use of any person not entitled to the property.**

*Century Sr. Servs. v. Consumer Health Ben. Ass'n, Inc.*, 770 F.Supp.2d 1261, 1266 (S.D. Fla. 2011) (quoting *United Techs. Corp. v Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009)). The Court finds that Plaintiffs failed to assert factual allegations demonstrating that Chase "obtained or used" their funds or that Chase had "felonious intent." *See* DE 1–1; *cf. Carl v. Republic Sec. Bank*, 282 F.Supp.2d 1358, 1371–72 (S.D. Fla. 2003) (providing that the "bank and its agents lacked the requisite mental state under the [civil theft statute]—that is, acting with the intent to permanently deprive [plaintiff] of property that was rightfully [belonging to plaintiff]" when bank lawfully exercised its right to set-off funds in subject bank account). Indeed, as discussed above, Chase complied with Florida statutes requiring it to disclose Plaintiffs' account information to the Task Force upon receiving the Search Warrant, and therefore Chase did not commit any crime. *See, e.g.*, § 933.15, Fla. Stat.; § 933.27, Fla. Stat. and; § 655.059, Fla. Stat. Moreover, Chase did not obtain or use Plaintiffs' funds in the manner contemplated in the civil theft statute when disclosing those funds to the Task Force after receiving the Search Warrant, and by transmitting Plaintiffs' funds to the State of Florida after receiving the Amended Agreed Final Order of Forfeiture that specifically identified the accounts from which funds would be turned over [DE 1–1, Ex. F]. Accordingly, the Court finds that

Plaintiffs fail to state a cause of action for civil theft.

### v. Plaintiffs' Alleged Damages Were Not Caused By Chase

Finally, the Court finds that all of Plaintiffs' claims fail because Plaintiffs' alleged damages were not caused by Chase's disclosure of account information in response to the Search Warrant. Rather, Plaintiffs' loss occurred when they agreed to the forfeiture.

## V. CONCLUSION

Given the Court's findings that all of Plaintiffs' claims are barred by the statute of limitations and the general finding that Chase's compliance with the Search Warrant was not unlawful, the Complaint, in its entirety, is dismissed with prejudice.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss is **GRANTED** and Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE.**

2. The Clerk of the Court is directed to **CLOSE THIS CASE.**

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida this 31st day of October, 2016.