DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MERCANTIL BANK, N.A.,**
Appellant,

v.

**JAVIER PAZMINO** and **JP INDUSTRIAL PARTS, INC.** d/b/a **JP FORKLIFTS,**
Appellees.

No. 4D18-1168

[ January 23, 2019 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. 17-17488 (08).

Victor K. Rones of the Law Offices of Victor K. Rones, P.A., North Miami Beach, for appellant.

Daniel M. Herrera and Gary M. Singer of the Law Firm of Gary M. Singer, P.A., Fort Lauderdale, for appellees.

PER CURIAM.

In this foreclosure-related action, Mercantil Bank, N.A., appeals the trial court's order dismissing with prejudice its 2017 action to reestablish a 2011 final foreclosure judgment and granting motion for judgment on the pleadings. We affirm, because the bank did not obtain a money judgment in the underlying foreclosure action and, after entry of the 2011 final judgment of foreclosure determining only the amount of damages, the bank did not initiate a deficiency proceeding since it did not sell the foreclosed property. Thus, the trial court correctly barred the bank from bringing an action that effectively sought to amend the relief awarded in the 2011 foreclosure judgment, which was not a money judgment.

In March 2011, the trial court entered a final default judgment of foreclosure and damages in favor of Mercantil Bank and against the borrowers, Javier Pazmino and JP Industrial Parts, Inc. The court's order determined that the bank had suffered damages in the amount of $97,183.85, and thus held a lien on the proceeds of any foreclosure sale of the property. The court retained jurisdiction to enter further orders,

including deficiency judgments.

For some unexplained reason, there was no sale of the property, but in May 2017, the bank moved for entry of an amended final judgment based on an affidavit of non-payment for deficiency indebtedness, which appears to have been an attempt to obtain a money judgment. The affidavit stated that the amount due to the bank as of May 2017 was $130,342.66. However, the trial court denied the motion for entry of an amended final judgment.

Rather than proceeding with the prior case and challenging the court's denial, the bank commenced a new action in September 2017, purportedly to reestablish the 2011 final judgment. The bank alleged that the 2011 judgment remained unpaid, and demanded a new judgment to satisfy the original cause of action.

After filing their Answer and Affirmative Defenses, the borrowers moved for judgment on the pleadings and argued that the bank had failed to state a cause of action and was attempting to enforce, amend, or change a null judgment from a prior action. The bank responded that its action was permitted as a new suit to secure satisfaction of the 2011 judgment.

After a hearing on the borrowers' motion, the trial court entered a final order granting judgment on the pleadings and dismissing with prejudice the bank's new action.

On appeal, the bank argues that its new action was permitted under common law and was not an attempt to amend the prior judgment. The borrowers maintain that the bank's new action was improper because the bank had not obtained a money judgment in the foreclosure action and it failed to sell the foreclosed property. We agree with the borrowers.

We review a judgment on the pleadings de novo. *United Inv. & Dev. Corp. v. Langton*, 952 So. 2d 1260, 1260-61 (Fla. 4th DCA 2007).

A judgment "constitutes a cause of action upon which a new and independent action may be based." *Crane v. Nuta*, 26 So. 2d 670, 671 (Fla. 1946). "If a limitations period has almost run on a judgment, a judgment creditor can start the limitation period anew by bringing an action on the judgment to obtain a new judgment." *Burshan v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 805 So. 2d 835, 841 (Fla. 4th DCA 2001) (internal quotation marks omitted). However, "[e]xcept as provided by Rules 1.530 and 1.540, Florida Rules of Civil Procedure, the trial court has no authority to alter, modify or vacate an order or judgment." *Shelby Mut. Ins. Co. of*

2

*Shelby, Ohio v. Pearson*, 236 So. 2d 1, 3 (Fla. 1970).

"It is well-settled that 'to collect money owed on a note, a mortgagee may pursue its legal and equitable remedies simultaneously, until the debt is satisfied.' " *Schneider v. First Am. Bank*, 252 So. 3d 264, 265 (Fla. 4th DCA 2018) (quoting *Royal Palm Corp. Ctr. Ass'n v. PNC Bank, NA*, 89 So. 3d 923, 929 (Fla. 4th DCA 2012)). This allows the mortgagee to bring an action at law on the note simultaneously with an equitable foreclosure action, which may result in the trial court entering a final judgment of foreclosure that allows immediate execution of the damages award. *Id.* at 265. However, because a mortgagee may not simultaneously execute on the money judgment and foreclose on the property, a final judgment of foreclosure allowing for the immediate execution of the damages award must withhold the setting of the foreclosure sale until the mortgagee certifies that the money judgment has not been satisfied. *Id.*

Here, the bank obtained only a foreclosure judgment, which limited its remedy to one in equity. The record does not support a finding that the bank originally sought and obtained a money judgment; the 2011 final judgment of foreclosure did not order immediate execution of the damages award. Accordingly, because the bank failed to obtain a money judgment and subsequently failed to sell the property and seek a deficiency judgment based on the foreclosure judgment it obtained, the bank was not authorized to bring a new independent action that effectively sought to reestablish the foreclosure judgment as a money judgment. For these reasons, we affirm the trial court's order dismissing with prejudice the bank's 2017 action to enforce or reestablish the original final judgment, which was never converted to a money judgment, and entering judgment on the pleadings.

*Affirmed.*

TAYLOR, CIKLIN and CONNER, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**