# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-2856
Lower Tribunal No. 2019DR-06894

_____

YU YAN CHAN,

Petitioner,

v.

WILLIAM KEVIN ADDISON,

Respondent.

_____

Petition for Writ of Prohibition to the Circuit Court for Polk County.

April 19, 2024

WHITE, J.

Yu Yan Chan seeks a writ of prohibition or certiorari quashing the trial court's order striking the Parenting Plan incorporated into the Final Judgment of Dissolution of Marriage. We conclude that Chan seeks review of an appealable nonfinal order. Because the trial court erred in striking the Parenting Plan in its entirety sua sponte and without proper notice, we reverse.

## Background

Chan commenced a dissolution of marriage action against William Kevin Addison. Thereafter, the trial court entered a Final Judgment of Dissolution of Marriage which incorporated the parties' Parenting Plan for their child. The Parenting Plan included the parties' rights and obligations regarding time-sharing. No motion for rehearing or appeal was filed.

Later, Addison filed a supplemental petition, then amended it. He alleged, in part, that the Parenting Plan was legally insufficient because it failed to provide for any means of communication between him and the child. Among other things, he requested that the trial court modify the Final Judgment and Parenting Plan by ordering a means and method for communication between him and the child.[1] Chan ultimately filed an amended motion to dismiss, so Addison noticed that motion for hearing.

At the hearing, the trial court denied the amended motion to dismiss. It also, sua sponte, struck the Parenting Plan. In its written order, the trial court found that the Parenting Plan failed to address all the requirements of section 61.13(2)(b), Florida Statutes, because it failed to provide for a means of communication between

---

[1] Addison's amended supplemental petition also requested several modifications to the Final Judgment and Parenting Plan, including ordering a means and method for communication between him and the child, based on an alleged substantial, material, and unanticipated change of circumstances.

2

the child and Addison. Therefore, the trial court concluded that the Parenting Plan was not legally sufficient and struck it in its entirety. Chan filed her petition within 30 days after rendition of that order.

## Analysis

Chan requests a writ of prohibition or certiorari to quash the provision of the order that struck the Parenting Plan.[2] However, we "may review interlocutory orders . . . to the extent provided by rules adopted by the supreme court." Art. V, § 4(b)(1), Fla. Const. In a family law case, a party may appeal a nonfinal order that determines "the rights or obligations of a party regarding child custody or time-sharing under a parenting plan." Fla. R. App. P. 9.130(a)(3)(C)(iii)b. Here, the trial court's order is appealable because it terminated the time-sharing rights and obligations of both parties by striking the Parenting Plan in its entirety. *See id.*; *see also Thompson v. Melange*, 311 So. 3d 898, 901 (Fla. 1st DCA 2020).

Because the order is appealable, neither a writ of prohibition nor a writ of certiorari is available. *See Fla. Dep't of Transp. v. Miami-Dade Cnty. Expressway Auth.*, 298 So. 3d 1261, 1263 (Fla. 1st DCA 2020) (writ of prohibition not allowed where petitioner had a pending appeal); *City Ad Assocs., Inc. v. City of Miami*, 557 So. 2d 73, 73 (Fla. 3d DCA 1990) (writ of certiorari not permitted where petitioner

---

[2] Chan does not challenge the provisions of the order that denied Chan's amended motion to dismiss and allowed Addison to amend his amended supplemental petition.

3

had an adequate remedy by appeal). Accordingly, we treat Chan's petition as an interlocutory appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii)b.[3]

Turning to the merits, we agree with Chan that it was error for the trial court to strike the Parenting Plan. Only Chan's amended motion to dismiss was noticed for hearing. Furthermore, Addison's amended supplemental petition did not request that the trial court strike the Parenting Plan. Thus, Chan was not on notice that the trial court would sua sponte grant such relief. *See Bronstein v. Bronstein*, 167 So. 3d 462, 464 (Fla. 3d DCA 2015).

Addison points out that a parenting plan must "[d]escribe in adequate detail the methods and technologies that the parents will use to communicate with the child." § 61.13(2)(b)4., Fla. Stat. (2020). He also observes that "[i]t is the public policy of this state that each minor child has frequent and continuing contact with both parents." *Id.* (c)1. However, even if the Parenting Plan fails to provide for a means of communication between the child and Addison, none of the statutes or

---

[3] "If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be responsibility of the court to seek the proper remedy." Fla. R. App. P. 9.040(c).

4

cases cited by the trial court or Addison authorized the trial court to strike the Parenting Plan in its entirety sua sponte and without proper notice.[4]

**Conclusion**

We reverse the provision of the trial court's order that struck the Parenting Plan and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

STARGEL, J., concurs.
NARDELLA, J., concurs and concurs specially, with opinion.

_____

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED
_____

NARDELLA, J., concurs in result as to jurisdiction, and concurs specially as to the merits.

The majority determines that the order on appeal is a nonfinal appealable order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii)b. Although I find the majority's jurisdictional analysis compelling, I respectfully disagree. Rule 9.130(a)(3)(C)(iii)b. allows an appellate court to review orders that "determine . . .

---

[4] Our holding is very limited because of the procedural posture of this case. Therefore, we do not decide under what circumstances, if any, the trial court may be authorized to permanently or temporarily modify or strike all or part of the Final Judgment, or all or part of the Parenting Plan, in this case.

the rights or obligations of a party regarding child custody or time-sharing under a parenting plan." But the order on appeal here made no such determination at all. Rather, the trial court's order struck a parenting plan that was incorporated into a final judgment, thereby leaving the issue of any rights or obligations of the parties regarding child custody or time-sharing to be determined at a later date. *See generally Truist Bank v. De Posada*, 307 So. 3d 824, 826 (Fla. 3d DCA 2020) (explaining requirement that a determination be made by the trial court to trigger appellate review of a non-final order).

Because I do not believe we have jurisdiction under rule 9.130(a)(3)(C)(iii)b., I would instead grant the relief Chan requested and issue a writ of prohibition to prevent the trial court from continuing its improper exercise of jurisdiction. *Padron v. Padron*, 356 So. 3d 306, 308 (Fla. 3d DCA 2023) (explaining that once time for rehearing or new trial passed under Florida Family Law Rule of Procedure 12.530, trial court lacked continuing jurisdiction to enter order sua sponte vacating final judgment in the absence of reservation of jurisdiction in the final judgment, a supplemental petition for modification, or a pleading that satisfied narrow requirements of Florida Family Law Rule of Procedure 12.540).

Not only would I grant the writ, I would also go further than the majority does and address the main legal issue dividing the parties and confusing the trial court— whether the trial court had the power to alter the final judgment. That issue was

6

extensively argued below and has now been fully briefed before our Court. Instead of addressing that issue, the majority limits its reach to conclude only that the trial court erred by striking the *entire* parenting plan incorporated into the final judgment because it did so *sua sponte* and without proper notice. The problem with the majority's opinion, is that it leaves unaddressed whether the relief could have been legally granted at all. Because it could not, and because that error remains, I do not believe the majority's analysis goes far enough. While I respect the majority's judicial modesty, under these circumstances, where additional fact finding is unnecessary, the trial court heard the argument in the first instance, and the main issue on appeal was properly raised in the briefing, I see no benefit to sending this case back on narrow notice grounds alone, to simply await another appeal.

The trial court wrongly believes that it can strike a portion of a final judgment at any time if it is legally insufficient. Indeed, it stated as much: "[I] believe that the court in these circumstances is authorized, under the statute, to strike at any time any deficient parenting plan where it fails to address all the factors found in the statute. But I can't wait to see this appeal." This legal conclusion is wrong and now is the time we should say so.

As Chan argued both below and before our Court, once a final judgment is entered in a family law case, and the time periods to file a motion for rehearing and

7

to appeal have passed, the final judgment is just what it purports to be—final.[5] If the parties desire to alter *that* judgment, their exclusive remedy lies in the narrow grounds listed in Family Law Rule of Procedure 12.540. *Bane v. Bane*, 775 So. 2d 938, 941 (Fla. 2000) ("[T]he one exception to the rule of absolute finality is rule 1.540, 'which gives the court jurisdiction to relieve a party from the act of finality in a narrow range of circumstances.'")[6] (quoting *Miller v. Fortune Ins. Co.*, 484 So. 2d 1221, 1223 (Fla. 1986)); *Bigelow v. Ritsema*, 289 So. 3d 550, 551 (Fla. 5th DCA 2020) ("'[T]rial courts have no authority to alter, modify, or vacate a final judgment except as provided in Florida Rules of Civil Procedure 1.530 and 1.540' and Florida Family Law Rules of Procedure 12.530 and 12.540.") (quoting *Levy v. Levy*, 900 So. 2d 737, 745 (Fla. 2d DCA 2005)); *Mercantil Bank, N.A. v. Pazmino*, 262 So. 3d 826, 828 (Fla. 4th DCA 2019) ("[E]xcept as provided by Rules 1.530 and 1.540, Florida Rules of Civil Procedure, the trial court has no authority to alter, modify or vacate an order or judgment.") (quoting *Shelby Mut. Ins. Co. of Shelby, Ohio v. Pearson*,

---

[5] The trial court entered a Final Judgment of Dissolution of Marriage in October 2020, which referenced, incorporated, and attached the parties' Parenting Plan for their child. Neither party filed a motion for rehearing pursuant to Florida Family Law Rule of Procedure 12.530, an appeal of the final judgment, or a motion for relief from judgment pursuant to Florida Family Law Rule of Procedure 12.540.

[6] "[M]otions filed under rule 12.540(b) are governed by the body of law applicable to rule 1.540(b)." *Brooks v. Brooks*, 340 So. 3d 543, 545 n.1 (Fla. 3d DCA 2022) (quoting *Sanchez v. Sanchez*, 285 So. 3d 969, 971 (Fla. 3d DCA 2019)); *see also Gjokhila v. Seymour*, 349 So. 3d 496, 499 (Fla. 1st DCA 2022).

236 So. 2d 1, 3 (Fla. 1970))); *Bank of New York Mellon v. Peterson*, 208 So. 3d 1218, 1221 (Fla. 2d DCA 2017) (same); *Miami–Dade Cnty. v. Second Sunrise Inv. Corp.*, 56 So. 3d 82, 85 (Fla. 3d DCA 2011) (same); *Bank One, N.A. v. Batronie*, 884 So. 2d 346, 348 (Fla. 2d DCA 2004) ("After rendition of a final judgment, the trial court loses jurisdiction over the case except to enforce the judgment and except as provided by rule 1.540.").

That, of course, does not foreclose the parties' ability to seek a modification through a supplemental petition in order to obtain a supplemental final judgment. A supplemental petition begins a new proceeding distinct from the original divorce or paternity proceeding. *See* Fla. Fam. L. R. P. 12.110(h) (stating that a supplemental petition should be treated as though it is the initial pleading in a new action, requiring new service of process); *Bryan v. Wheels*, 295 So. 3d 889, 890 (Fla. 1st DCA 2020) (noting modification proceedings are distinct from initial custody determinations). Thus, unlike a motion filed pursuant to rule 12.540, a supplemental petition does not actually alter the original final judgment, which the trial court did here. Rather, if successful, a supplemental petition results in a supplemental final judgment that supplements and, to the extent there is a conflict, supersedes the original final judgment.

To be clear, the trial court has jurisdiction to consider Addison's supplemental petition, and if the law provides, to grant relief thereunder. To grant relief under

9

Addison's supplemental petition, the trial court must consider whether "(1) circumstances have substantially and materially changed since the original custody determination, (2) the change was not reasonably contemplated by the parties, and (3) the child's best interests justify changing custody." *Villalba v. Villalba*, 316 So. 3d 366, 368 (Fla. 4th DCA 2021) (quoting *Reed v. Reed*, 182 So. 3d 837, 840 (Fla. 4th DCA 2016)). These are statutory requirements under section 61.13, Florida Statutes, which provides, "[a] determination of parental responsibility, a parenting plan, or a time-sharing schedule may not be modified without a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child." § 61.13(3), Fla. Stat. (2022). That, however, did not occur here. The trial court did not grant relief under Addison's supplemental petition, but outside of it. It did not consider any of the factors necessary to grant relief pursuant to a supplemental petition. Instead, it focused its analysis only on whether the parenting plan incorporated into the final judgment was legally sufficient. Finding it was not, the trial court *struck* that portion of the original final judgment. Absent a motion filed pursuant to Rule 12.540(b), the trial court had no jurisdiction to strike a portion of the final judgment, and any order entered in excess of the trial court's jurisdiction is a nullity. *See generally Dragomirecky v. Town of Ponce Inlet*, 891 So. 2d 633, 634–35 (Fla. 5th DCA 2005) (explaining that an order entered without jurisdiction is a nullity). We should say

10

this now, before the trial court again attempts to alter the original final judgment outside of the limitations in rule 12.540.[7]

_____

Debra J. Sutton, of Sutton Law Firm, Bartow, for Petitioner.

Jean M. Henne, of Jean M. Henne, P.A., Winter Haven, for Respondent.

---

[7] I express no view concerning whether relief would have been appropriate under Rule 12.540(b) had a motion under that rule been timely filed. I only emphasize that, without such a motion, the trial court was without jurisdiction to strike a portion of the final judgment.

11